Robert W. Mauriello, Jr. (RM-0850)
GRAHAM CURTIN
A Professional Association
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Plaintiff
Dale Kaminski

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALE KAMINSKI,<br><br>                    Plaintiff,<br><br>        v.<br><br>BAYVIEW CAPITAL PARTNERS, LLP, TONKA BAY CO-INVESTMENT PARTNERS LLC, MOTION INDUSTRIES, INC., MOTION MERGER SUB, LLC, LINDQUIST & VENNUM LLP, ABC COMPANIES 1-100, and JOHN DOES 1-100,<br><br>                    Defendants. | Case No.<br><br>Civil Action<br><br>COMPLAINT |

Plaintiff Dale Kaminski, by way of Complaint against defendants Bayview Capital Partners II LP, Tonka Bay Co-Investment Partners LLC, Motion Industries, Inc., Motion Merger Sub, LLC, Lindquist & Vennum LLP, ABC Companies 1-100, and John Does 1-100 (collectively, "Defendants"), says:

THE PARTIES

1.      At all relevant times, Dale Kaminski has been a resident of the State of New Jersey with a home address of 19 Reger Road, Succasunna, New Jersey.

1937780_1

2. Upon information and belief, defendant Bayview Capital Partners II LP ("Bayview") is a Delaware limited partnership with its principal place of business in Minnetonka, Minnesota.

3. Upon information and belief, defendant Tonka Bay Co-Investment Partners LLC ("Tonka Bay") is a Delaware limited liability company with its principal place of business in Minnetonka, Minnesota.

4. Upon information and belief, defendant Motion Industries, Inc. is a Delaware corporation with its principal place of business in Huntsville, Alabama and is the parent company of defendant Motion Merger Sub, LLC, a Delaware limited liability company with its principal place of business in Huntsville, Alabama (collectively, "Motion Industries").

5. Upon information and belief, AST Bearings, LLC ("AST") is a Delaware limited liability company with its principal place of business at 115 Main Road, Montville, New Jersey 07045 formed on November 27, 2007 by its organizer Robert E. Tunheim of defendant Lindquist & Vennum LLP ("Lindquist & Vennum").  Upon information and belief, Lindquist & Vennum is a limited partnership law firm with its principal place of business in Minneapolis, Minnesota.

6. Upon information and belief, ABC Companies 1-100 are entities that may have involvement in this action and be liable to Mr. Kaminski but the identities of which are not currently known to Mr. Kaminski.

7. Upon information and belief, John Does 1-100 are persons that may have involvement in this action and be liable to Mr. Kaminski but the identities of whom are not currently known to Mr. Kaminski.

## NATURE OF THE ACTION

8. This is an action for damages resulting from Defendants' violations of federal and state securities and/or blue sky laws, violations of federal racketeering laws, fraud, conspiracy, conversion, tortious interference with contractual and/or economic relations, breaches of contract and unjust enrichment.

## JURISDICTION AND VENUE

9. For the reasons set forth herein, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

10. For the reasons set forth herein, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

11. Starting in or about November 2007, AST engaged in, among other things, the business of distributing precision ball bearings, spherical plain bearings, bushings and related products to original equipment manufacturers and distributors, as well as the manufacture and sale of mechanical-bearing subassemblies for a variety of customers.

12. As stated above, AST was a limited liability company and operated under a written Limited Liability Company Agreement (the "LLC Agreement").

13. Starting in or about November 2007, Mr. Kaminski served as the Chief Executive Officer of AST pursuant to an employment agreement dated November 30, 2007 (the "Employment Agreement").

14. Starting in or about November 2007, Mr. Kaminski was a co-owner of AST, along with Bayview, Tonka Bay and a number of individuals (who were also executives of AST).

15. Mr. Kaminski invested $240,000 of equity capital in AST in exchange for 2,400 Preferred Units and 4,029 Common Units representing a 12.3% interest in AST (the "Certificates").

16. Under the LLC Agreement, Bayview owned 76% of the percentage interests in AST and Tonka Bay owned .8% of the percentage interests in AST.

17. On or about March 19, 2013, AST terminated Mr. Kaminski's employment without cause.

18. Pursuant to the terms of his Employment Agreement with AST, Mr. Kaminski was subject to an 18-month post-termination non-competition provision.

19. Pursuant to the terms of his Employment Agreement with AST, Mr. Kaminski was entitled to severance in an amount equal to 1.5 times his base salary upon termination without cause.

20. On May 15, 2013, Mr. Kaminski entered into a letter agreement with AST (the "Separation Agreement") that addressed and resolved all post-termination issues between Mr. Kaminski and AST.

21. The Separation Agreement did not address the existing non-competition provision in the Employment Agreement.

22. The Separation Agreement included the following language:

> This letter shall not affect any rights you may have under that certain Limited Liability Company Operating Agreement of AST Bearings dated as of November 30, 2007 (as amended the "LLC Agreement"), provided that you and AST Bearings hereby agree to extend the expiration date of the repurchase

4

1937780_1

options referenced in Section 10.4(a) of the LLC Agreement for both you and AST Bearings from June 15, 2013 (90 days after termination of employment to September 17, 2013; and provided further, that AST Bearings will provide you with periodic updates as to the sales process being undertaken by AST Bearings, including a summary of the material terms of any agreed-upon transaction. AST Bearings acknowledges that the termination of your employment was without "Cause" for purposes of your Employment Agreement and the LLC Agreement.

23. Pursuant to a letter agreement dated August 26, 2013 (the "Extension Agreement") the options under the LLC Agreement were further extended to November 30, 2013.

24. The Extension Agreement referenced a letter of intent that had been executed for the sale of "AST Bearings" and contained a summary of certain material terms of a potential sale to a strategic buyer.

25. The Extension Agreement made no mention of any members of AST being required to enter into or extend any non-competition provisions.

26. On Wednesday, October 16, 2013, Lindquist & Vennum advised Mr. Kaminski's counsel that a transaction was taking shape and they were hoping to close by the end of the following week.

27. At approximately 4:00 p.m. on Friday, October 18, 2013, Lindquist & Vennum's counsel provided Mr. Kaminski's counsel with (1) a Drag-Along Notice; (2) a proposed Letter Agreement for Mr. Kaminski (to which Mr. Kaminski had no prior notice or opportunity to comment upon), and (3) the following exhibits to the Letter Agreement (a) a current draft of the Agreement and Plan of Merger and current draft of the Disclosure Schedule to the Merger Agreement (and the attachments thereto), (b) the Operating Agreement, (c) an Information Statement, (d) a Written Consent of the Members Taken In Lieu of Meeting executed by Bayview and Tonka Bay, (e) a copy of the current version of the Other Escrow

1937780_1

Agreement (defined in the merger agreement), (f) a copy of the current version of the Transaction Escrow Agreement (defined in the merger agreement), and (g) a copy of Form W-9.

28. Upon review of the aforementioned documents, Mr. Kaminski, through his counsel, identified numerous legal deficiencies and issues to Lindquist & Vennum with the proposed Letter Agreement, including but not limited to (i) the fact that the Letter Agreement purported to limit Mr. Kaminski's rights solely to claims under the Letter Agreement and contained a broad release, (ii) Motion Industries, Inc., the payer of the merger consideration under the merger agreement, was not a party to the Letter Agreement, (iii) the Letter Agreement appointed Bayview as Mr. Kaminski's attorney in fact to act on his behalf on all matters with respect to the Merger (including bringing claims under the Letter Agreement), (v) the power of attorney was irrevocable and coupled with an interest (presumably precluding Mr. Kaminski from acting on his own behalf with respect to the Merger Agreement or the Letter Agreement), (vi) if Plaintiff had a claim for contribution relating to their several indemnification obligations under the Letter Agreement against Bayview, the 76% owner, Bayview would apparently have to bring that claim, (vii) Mr. Kaminski was obligated to indemnify Bayview for Bayview's own future wrongful conduct, (viii) the Letter Agreement imposed a further two year non-compete covenant on Mr. Kaminski, (ix) the Letter Agreement imposed a two year non-solicitation covenant upon Mr. Kaminski, (x) the release was so broadly drafted that it encompassed Mr. Kaminski's remaining severance payments under his existing Separation Agreement, and (xi) the power of attorney was so broadly drafted, it allowed Bayview to amend the terms of the Letter Agreement (collectively, the "Offending Provisions").

29. Lindquist & Vennum, presumably at the request of Bayview, Tonka Bay and/or Motion Industries, refused to make the requisite revisions to the Letter Agreement to remedy the Offending Provisions.

30. On numerous occasions, Mr. Kaminski, by and through his legal counsel, advised Defendants that he was willing to proceed with the drag-along provision of the LLC Agreement so long as the Offending Provisions of the Letter Agreement were remedied.

31. Nothing in the drag-along provision of the LLC Agreement required Mr. Kaminski to extend or enter into a non-compete covenant.

32. Upon information and belief, the sale of AST was consummated by an Agreement and Plan of Merger dated October 25, 2013 (the "Merger Agreement").

33. Upon information and belief, Bayview and Tonka Bay, as passive investors in AST (as was Mr. Kaminski as of October 25, 2013), were not required to enter into non-compete covenants in order to receive their closing consideration under the Merger Agreement.

34. Upon information and belief, all of the investors in AST, other than Mr. Kaminski, have been paid their respective closing consideration under the Merger Agreement.

35. Upon information and belief, Mr. Kaminski is owed $3.2 million as his closing consideration for the Certificates that he owned in AST.

36. Upon information and belief, Motion Industries, in concert with Bayview, Tonka Bay and Lindquist & Vennum, has converted Mr. Kaminski's Certificates over his objection.

37. To date, and notwithstanding Mr. Kaminski's repeated demands that Motion Industries pay his closing consideration to him and his execution of a Letter Agreement

that remedied the Offending Provisions, Motion Industries has wrongfully refused to pay Mr. Kaminski his closing consideration.

38. Additionally, Motion Industries, upon information and belief in concert with Bayview, Tonka Bay and Lindquist and Vennum, has wrongfully retained Mr. Kaminski's closing consideration and refused to pay Mr. Kaminski's closing consideration into escrow with a third party escrow agent despite Mr. Kaminski's demand that Motion Industries do so.

<u>COUNT I</u>
(Violations of Federal Securities Acts, 15 U.S.C. § 78(a),(j), *et seq.* and Rule 10b-5)

39. Paragraphs 1 through 38 above are incorporated by reference as if fully set forth herein.

40. The Certificates in AST owned by Mr. Kaminski are securities under the federal securities laws, specifically the Securities Exchange Act of 1934, 15 U.S.C. § 78(a), (j), *et seq.* and Rule 10b-5 promulgated pursuant thereto.

41. Defendants, by and through the Merger Agreement, intentionally employed a device, scheme or artifice in violation of the federal securities laws to defraud Mr. Kaminski out of his closing consideration due and owing as result of the purchase and sale and/or conversion of his securities, specifically his Certificates in AST.

42. Specifically, and among other acts, Defendants have conspired to attempt to extort from Mr. Kaminski an additional non-compete covenant, among the other Offending Provisions, that they were not otherwise entitled to from Mr. Kaminski by wrongfully refusing to pay Mr. Kaminski his closing consideration as a result of the sale of his securities.

43. Defendants made various material misrepresentations to Mr. Kaminski given the fact that the Certificates had no restriction upon them which required that, as a passive

1937780_1

investor in AST, he would be required to execute a further non-compete covenant as set forth in Defendants' proposed Letter Agreement, among the other Offending Provisions.

44. Defendants have conspired to intentionally defraud Mr. Kaminski from receiving the closing consideration due and owing to him as a result of the Merger Agreement from the sale of his Certificates in AST.

45. Mr. Kaminski has relied upon the various representations and misrepresentations made by Defendants, including but not limited to those contained in the LLC Agreement, Separation Agreement, Extension Agreement and/or Merger Agreement, as well as the various representations and misrepresentations made by Defendants outside of those various Agreements, to his detriment.

46. As a result of Defendants' wrongful conduct, as described above and including but not limited to the sale of the Certificates without the closing consideration being paid to him, Mr. Kaminski has suffered and will continue to suffer damages.

47. By reason of the foregoing, Mr. Kaminski is entitled to the remedies set forth in the federal securities laws.

## COUNT II
(Violations of Federal RICO Act, 18 U.S.C. § 1961, *et seq.*)

48. Paragraphs 1 through 47 above are incorporated by reference as if fully set forth herein.

49. Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*

50. Specifically, Defendants engaged in a pattern of racketeering when they conspired to defraud Mr. Kaminski by converting his Certificates in AST and retaining his

closing consideration ("Racketeering Funds"), which Defendants perpetrated through the sale of AST (the "Racketeering Enterprise").

51. Defendants were involved in the conduct, affairs and/or cessation of the Racketeering Enterprise and converted the Certificates in AST for Defendants' own purposes to the detriment of Mr. Kaminski.

52. Defendants perpetrated their fraudulent conduct to convert the Racketeering Funds by way of the Racketeering Enterprise through the use of mails and wires in their communications with each other and Mr. Kaminski.

53. Defendants were involved in the conduct and/or affairs of the Racketeering Enterprise and converted the Certificates in AST for Defendants' own purposes to the detriment of Mr. Kaminski.

54. As a direct result of Defendants' wrongful and/or fraudulent conduct in violation of the RICO Act, Mr. Kaminski has suffered and will continue to suffer damages.

## COUNT III
(Fraud Under State Securities and Blue Sky Laws)

55. Paragraphs 1 through 54 above are incorporated by reference as if fully set forth herein.

56. Defendants have perpetrated securities fraud under various state securities and blue sky laws.

57. The Certificates are securities under various state securities and blue sky laws.

58. As explained herein, Defendants have engaged in the purchase, exchange and/or sale of securities, including Mr. Kaminski's Certificates, over Mr. Kaminski's objection

1937780_1

and wrongfully withheld the closing consideration for his Certificates from Mr. Kaminski despite having wrongfully converted those Certificates.

59. As a result of Defendants' violation of various state securities laws, Mr. Kaminski has suffered and will continue to suffer damages.

## COUNT IV
### (Common Law Fraud)

60. Paragraphs 1 through 59 above are incorporated by reference as if fully set forth herein.

61. As set forth above, Defendants have made numerous representations and misrepresentations to him, both within and outside of the various Agreements.

62. Defendants have, both individually and in concert, sought to defraud Mr. Kaminski in connection with the sale of his Certificates in AST.

63. Defendants, both individually and in concert, have wrongfully deprived Mr. Kaminski of his closing consideration despite the sale of his Certificates in AST.

64. Mr. Kaminski has relied upon the various representations and misrepresentations made by the Defendants to his detriment.

65. As a result, of Defendants' fraudulent conduct, Mr. Kaminski has suffered and will continue to suffer damages.

## COUNT V
### (Civil Conspiracy)

66. Paragraphs 1 through 65 above are incorporated by reference as if fully set forth herein.

67. Defendants have conspired to defraud Mr. Kaminski and/or to deprive him of the benefit of the closing consideration due and owing to him under the Merger Agreement.

11

1937780_1

68. Among other things, Defendants acted in concert to extort a non-compete covenant (among the other Offending Provisions) from Mr. Kaminski, while at the same time not requiring the other passive investors (Bayview and Tonka Bay) to execute non-compete covenants, while wrongfully refusing to pay Mr. Kaminski his closing consideration due and owing.

69. As a result of Defendants' conspiracy, Mr. Kaminski has suffered and will continue to suffer damages.

## COUNT VI
(Conversion)

70. Paragraphs 1 through 69 above are incorporated by reference as if fully set forth herein.

71. Mr. Kaminski had lawful ownership of the Certificates in AST at all relevant times, including at the time of the Merger Agreement.

72. Mr. Kaminski has been advised that the Certificates in AST that he lawfully owned have been sold or otherwise exchanged to Motion Industries under the Merger Agreement.

73. In so doing, Defendants have wrongfully converted Mr. Kaminski's Certificates without paying him his closing consideration for their own benefit and to the detriment of Mr. Kaminski.

74. As a result of Defendants' wrongful conduct and conversion, Mr. Kaminski has suffered and continued to suffer damages.

1937780_1

## COUNT VII
(Tortious Interference with Contractual and/or Economic Relations)

75. Paragraphs 1 through 74 above are incorporated by reference as if fully set forth herein.

76. Mr. Kaminski has been a party to various Agreements with certain Defendants set forth above.

77. Defendants who were not a party to certain of the Agreements have otherwise tortiously interfered with Mr. Kaminski's contractual relations with the Defendants who were parties to those Agreements.

78. Additionally, Lindquist and Vennum has tortiously interfered with Mr. Kaminski's contractual rights under the Merger Agreement, including but not limited to conspiring with the other Defendants to (1) attempt to extort an additional non-compete covenant from Mr. Kaminski, and/or (2) wrongfully refuse to pay Mr. Kaminski his closing consideration.

79. Defendants, by wrongfully refusing to pay Mr. Kaminski his closing consideration are tortiously interfering with his prospective economic relations because he is unable to enter into business opportunities and/or make investments.

80. Defendants, by attempting to extort an additional non-compete covenant from Mr. Kaminski when they are not entitled to do so, are tortiously interfering with his prospective economic advantage by depriving him of opportunities to work within the same industry as AST/Motion Industries.

81. As a result of Defendants' tortious interference, Mr. Kaminski has suffered and will continue to suffer damages.

## COUNT VIII
(Breach of Contracts, Express and/or Implied)

82. Paragraphs 1 through 81 above are incorporated by reference as if fully set forth herein.

83. Mr. Kaminski has entered into and/or attempted to enter into various Agreements with Defendants identified above.

84. By their respective conduct identified above, Defendants have breached their express or implied Agreements with Mr. Kaminski.

85. As a result of the conduct of Defendants, Mr. Kaminski has and will continue to suffer damages.

## COUNT IX
(Breaches of Duties of Good Faith and Fair Dealing)

86. Paragraphs 1 through 85 above are incorporated by reference as if fully set forth herein.

87. In connection with the various Agreements identified above, each of the Defendants owed Mr. Kaminski a duty of good faith and fair dealing.

88. Each of the Defendants has breached its respective duties of good faith and fair dealing owed to Mr. Kaminski as a result of their wrongful conduct set forth above.

89. As a result of the conduct of Defendants, Mr. Kaminski has and will continue to suffer damages.

## COUNT X
(Unjust Enrichment)

90. Paragraphs 1 through 89 above are incorporated by reference as if fully set forth herein.

1937780_1

91. Defendants have wrongfully converted and/or retained Mr. Kaminski's Certificates and/or the closing consideration due and owing to him.

92. Additionally, Defendants have acted in concert to pay their own attorneys' fees incurred in connection with the Merger Agreement but have wrongfully refused to pay Mr. Kaminski's attorneys' fees, while at the same time forcing him to incur significant attorneys' fees despite his repeated demands that Defendants pay his attorneys' fees as well.

93. By their conduct, Defendants have been unjustly enriched to the detriment of the Mr. Kaminski.

94. As a result of the unjust enrichment of Defendants, Mr. Kaminski has and will continue to suffer damages.

1937780_1

WHEREFORE, plaintiff Dale Kaminski respectfully requests that judgment be entered in his favor and against the Defendants for:

(a) the immediate payment of his closing consideration;

(b) compensatory damages;

(c) treble damages and/or punitive damages;

(d) a declaration that Mr. Kaminski is no longer bound by any non-compete covenant;

(e) an award of attorneys' fees, costs of suit, interest and other taxable costs; and

(f) an award of any and other such relief which shall be afforded to Mr. Kaminski as this Court may deem just and proper.

_____
Robert W. Mauriello, Jr. (RM-0850)
GRAHAM CURTIN, P.A.
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Plaintiff
Dale Kaminski

Dated: December 30, 2013

1937780_1